UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                              ) | |
|     Plaintiff,    ) | Case No. 1:12-cr-253 |
|                              ) | |
| v.                           ) | Honorable Paul L. Maloney |
|                              ) | |
| AKEEM OLIJUWON SMITH,        ) | |
|                              ) | |
|     Defendant.    ) | |
| _____) | |

**REPORT AND RECOMMENDATION**

      Defendant Akeem Olijuwon Smith appeared before me with counsel Keith Turpel on November 29, 2012, to tender a plea of guilty to both charges in the Indictment. Assistant United States Attorney B. Rene Shekmer appeared for the government. Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing after receiving the written consent of defendant and all counsel. At the hearing, defendant tendered a plea of guilty to count 1 of the Indictment, conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing cocaine, 21 U.S.C. § 846, and to count 2, possession with intent to distribute 500 grams or more of a mixture or substance containing cocaine, 21 U.S.C. § 841(a)(1). On the basis of the record made at the hearing, I found that defendant was fully capable and competent to enter an informed plea; that defendant understood the nature of each charge and the penalties provided by law; that the plea was made knowingly and with full understanding of the rights waived by defendant; and that the plea was made voluntarily and free from any force, threats, or promises. (The parties confirmed that no

express or implied plea agreement had been entered.) With regard to the factual basis for the plea, I found that the facts of record were sufficient to establish a factual basis for count 2. On the conspiracy charge in count 1, the factual basis was sufficient to show that defendant conspired to possess cocaine with intent to distribute, but I found that it was insufficient to show that 500 grams or more of cocaine was reasonably foreseeable by defendant. I therefore indicated on the record that I would recommend that the guilty plea to count 2 be accepted but that the guilty plea to count 1 be rejected, as that count is presently pleaded. Upon further review and research, I conclude that counsel were correct and that the factual basis is sufficient to sustain both counts. I am therefore submitting this report and recommendation to explain this conclusion.

## Discussion

Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires the court to "determine that there is a factual basis for the plea" before entering judgment on a guilty plea. To be adequate, the factual basis must establish the elements of the substantive criminal offense. *See Libretti v. United States*, 516 U.S. 29, 38 (1995). A district court satisfies the requirements of Rule 11 by determining "'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.'" *Id.* at 38 (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)).

Count 1 charges a violation of 21 U.S.C. § 846, which criminalizes attempts and conspiracies to commit offenses defined in the Controlled Substances Act. It alleges that defendant conspired to possess with intent to distribute 500 grams or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1). In order to establish the offense of conspiracy under

21 U.S.C. § 846, the government must prove these elements: "(1) an agreement by two or more persons to violate the drug laws; (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy." *United States v. Graham*, 622 F.3d 445, 449 (6th Cir. 2010).

A person convicted of a drug conspiracy is "subject to the same penalties as those prescribed for the offense." 21 U.S.C. § 846. The "offense" here is possession of cocaine with intent to distribute. 21 U.S.C. § 841(a)(1). Under 21 U.S.C. § 841(b), the penalties for possession of cocaine with intent to distribute are graduated, depending on the amount involved. The basic penalty for possessing cocaine with intent to distribute is 20 years' imprisonment, 21 U.S.C. § 841(b)(1)(C), but the penalty is enhanced to a mandatory minimum 5 years, maximum 40 years, for a violation "involving 500 grams or more" of a mixture or substance containing a detectable amount of cocaine. 21 U.S.C. § 841(b)(1)(B)(ii)(II). In the landmark case of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court announced that other than the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. After the *Apprendi* decision, the Sixth Circuit determined that the progression of increased maximum penalties under the Controlled Substances Act, based on the amount of drugs involved, triggers *Apprendi*'s protection. *See United States v. Darwich*, 337 F.3d 645, 654 (6th Cir. 2003). Thus, *Apprendi* requires a defendant to be sentenced using the default statutory maximum, unless the jury determines beyond a reasonable doubt that the offense involved a quantity of drugs that triggers an enhanced statutory maximum. *Id.*; *accord United States v. Copeland*, 321 F.3d 582, 602 (6th Cir. 2003). "Thus, for the purpose of establishing the statutory-maximum sentence for drug offenses, the drug amount must be proved beyond a reasonable doubt." *Darwich*, 337 F.3d at 654. Under Sixth Circuit

authority, section 841(b) "provides for a different criminal offense with separate elements which all must be proved beyond a reasonable doubt when a defendant is guilty of a [drug] conspiracy is sentenced in excess of the default statutory maximum" set out in section 841(b). *Id.* Under Sixth Circuit authority, the determination of drug quantity under section 841(b) must, when it subjects a defendant to an enhanced sentence, "be considered an element of the offense rather than a sentencing factor." *United States v. Valencia*, 188 F. App'x 395, 401 n.5 (6th Cir. 2006) (quoting *United States v. Strahorn*, 250 F.3d 462, 468 (6th Cir. 2001) (*overruled on other grounds* by *United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002)).

Under these authorities, the factual basis is clearly sufficient to establish a drug conspiracy under section 846. Defendant's allocution at the plea hearing showed the following. Defendant arranged with another person to purchase approximately nine ounces of powder cocaine for $5,000.00. Defendant, a resident of Muskegon, traveled to the home of his sister, co-defendant Andramedia Smith, on Coit Street in Grand Rapids to pick up a package with the expected nine ounces of cocaine. His intent was to use some and to sell the rest. The package had been delivered to Ms. Smith's house by the U.S. Postal Service. Defendant took possession of the parcel and was thereafter arrested within minutes, before he could open it. As it turns out, the parcel did not contain nine ounces (255 grams) of cocaine, but over 650 grams. According to the Assistant United States Attorney, this was a controlled buy. Defendant was adamant that he only expected to pick up nine ounces of cocaine.

It is not necessary that the factual basis for a guilty plea be established exclusively from the defendant's testimony. Rather, the court can turn to other evidence, including information provided by the government, to establish a factual basis. *See United States v. Tunning*, 69 F.3d 107,

112 (6th Cir. 1995). I therefore turned to Assistant U.S. Attorney Shekmer to supplement the record in an effort to establish that defendant had agreed to possess over 500 grams of cocaine or that this quantity was reasonably foreseeable to him. Ms. Shekmer proffered evidence that tended to show that defendant knew that the package contained drugs, but no evidence to establish the quantity of drugs that he had agreed to possess.

Some federal circuit courts have construed *Apprendi* to require that in a drug conspiracy case, the government must establish beyond a reasonable doubt "the quantity of drugs that either (1) fell within the scope of the defendant's agreement with his co-conspirators or (2) was reasonably foreseeable to the defendant." *United States v. Banuelos*, 322 F.3d 700, 704 (9th Cir. 2003); *accord United States v. Collins*, 415 F.3d 304, 313-14 (4th Cir. 2005). For example, under these authorities, when a defendant is involved in a powder cocaine conspiracy, but a co-conspirator transforms it into crack cocaine without the defendant's knowledge, it is error to sentence the defendant on the basis of a quantity of crack cocaine. *United States v. Lococo*, 514 F.3d 860, 865 (9th Cir. 2008). Under this authority, the factual basis tendered at the plea hearing would be insufficient to support an enhanced penalty on count 1, as defendant did not admit that he knew or could reasonably foresee that the quantity involved would meet or exceed 500 grams.

The Sixth Circuit, however, has declined to follow this reading of *Apprendi*. The controlling case is *United States v. Robinson*, 547 F.3d 632 (6th Cir. 2008). In *Robinson*, the defendant was indicted for conspiracy to distribute five kilograms or more of cocaine. The jury verdict form asked only whether the government had proved beyond a reasonable doubt that the offense charged "involved five kilograms or more of a mixture or substance containing cocaine." 547 F.3d at 637. The Court of Appeals rejected defendant's contention that the jury instructions

should have required a finding that the quantity of cocaine was reasonably foreseeable to the defendant. The court held that the "reasonably foreseeable" standard applies only when the government is attempting to convict a defendant for substantive crimes of co-conspirators, but does not apply to the conspiracy charge itself. 547 F.3d at 638-39. The court held that the "'fact' that increases the default penalty for conspiracy to distribute drugs is the quantity of drugs *involved* in the conspiracy." *Id.* at 639. "Most other circuits have agreed that *Apprendi* is satisfied where the jury finds, beyond a reasonable doubt, the quantity of drugs involved in the conspiracy as a whole under 21 U.S.C. § 841(b)(1)(A)." *Id.* In so holding, the court noted but refused to follow the position of the Ninth Circuit in *Banuelos*. *Id.* at 640. The Sixth Circuit's approach is consistent with that applied by other circuits, which requires that the government prove reasonable foreseeability only with regard to the conduct of other co-conspirators. "In fact, all of our cases accord with the rule that the government need not prove *scienter* as to drug *type* or *quantity* when a defendant personally and directly participates in a drug transaction underlying a conspiracy charge." *United States v. Andino*, 627 F.3d 41, 47 (2d Cir. 2010). Thus, the quantity of drugs attributed to a drug defendant "need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction." *Id.* (quoting *United States v. Oluigbo*, 375 F. App'x 61, 64 (2d Cir. 2010)).

      Under controlling Sixth Circuit authority, the evidence was sufficient to support the conspiracy charge in count 1. Defendant admitted that he agreed with another person to purchase cocaine and that his intent was to resell it. The fact that the package received by defendant, which he knew contained cocaine, may have contained more drugs than defendant bargained for is not material. Defendant personally participated in a conspiracy *involving* more than 500 grams of

cocaine, and he personally possessed over 500 grams of cocaine pursuant to the conspiracy.  He is therefore subject to enhanced liability under the Controlled Substances Act.

### Recommended Disposition

For the foregoing reasons, I recommend that defendant's plea of guilty to counts 1 and 2 of the Indictment be accepted.

Dated:   December 3, 2012             /s/  Joseph G. Scoville
                                      United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).